IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CORBIN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−0422−JPG |
| | ) | |
| V. HANES, | ) | |
| CAPT. MOUNT, | ) | |
| TRAVIS SCOTT | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Corbin Jones, a former inmate of the Jefferson County Justice Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests $80,000 in monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A,[1] which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

---

[1] Although Plaintiff is no longer incarcerated, the Court looks to his status at the time of filing.

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### **The Complaint**

Plaintiff alleges that the Jefferson County Jail Sheriffs are issuing medication to inmates despite not being properly certified or authorized. (Doc. 1, p. 4). Plaintiff alleges that "allergic reactions [have] been occurring." *Id.* Staff has also refused to issue medical treatment such as tuberculosis shots, HIV tests, and medical care. *Id.*

Another inmate on Plaintiff's cell block is positive for Hepatitis C, and attempted suicide by cutting his wrists on March 29, 2017. *Id.* As a result of the attempt, blood was all over the cell block, including on the floor, tables, papers, and on Plaintiff's jumpsuit. *Id.* Despite the attempt, the jail staff did not properly clean the unit; they used "sewage water ammonia." (Doc. 1, p. 5). The unit was not ventilated well, and Plaintiff felt like he would vomit due to the strong chemical smell. *Id.* Plaintiff himself was also tasked with cleaning up the mess, but he was not given gloves, a facemask, or anything else to cover his jumpsuit . *Id.* Plaintiff alleges that Hanes and Conway were slow to give the inmates proper cleaning supplies and ignored the large blood

2

splatters around the unit for approximately 6 days. *Id.* When inmates complained, Hanes laughed and said the suicide attempt was a bluff and a joke. (Doc. 1, p. 7). Plaintiff has requested to be tested for communicable diseases but his requests have been denied. *Id.*

Plaintiff suffered from a bleeding anus on April 17, 2017. (Doc. 1, p. 8). Additionally, he had a tooth pulled, and his gums continued to bleed, but the nurse did nothing. *Id.*

Plaintiff also alleges that the living conditions at the jail are unconstitutional. (Doc. 1, p. 9). Specifically, he alleges that there are health code violations, extreme temperatures, ventilation issues, inadequate lighting and sanitation, and a bug infestation. *Id.* Plaintiff alleges that burns and razor blade cuts on his hands are improperly treated. *Id.* His legal mail is being interfered with. *Id.*

Plaintiff has filed 4 other complaints in this court. Of note, Plaintiff filed case no. 17-cv-349-JPG ("17-349") on April 6, 2017, with co-plaintiff Lekedrieon Russell. The Court determined that joinder of Russell was improper on May 31, 2017 and dismissed him from 17-349. The Court further found that Plaintiff had stated approximately 7 claims, but ordered Plaintiff to amend his Complaint pursuant to Rule 8(a) and (d). (17-349, Doc. 14). On September 19, 2017, the Court once again granted Plaintiff leave to submit a Second Amended Complaint, and described the claims pending in that lawsuit as follows:

> **Count 5**: Excessive force claim against the unidentified officers who arrested Jones on February 13 or 14, 2017 for applying handcuffs to Jones' wrists so tightly that his hands were swollen for several days;
>
> **Count 6:** Deliberate indifference claim against unidentified jail staff for the failure to provide Jones with medical testing for communicable diseases following his exposure to a cellmate's blood after the cellmate's suicide attempt;
>
> **Count 7:** Deliberate indifference claim against unidentified jail staff for the failure to provide Jones with cleaning supplies or to clean the areas in and near his cell that were contaminated with blood;

3

**Count 8**: Deliberate indifference claim against Scott, Mount, Haynes, and Nurse Shirley for failing to provide Jones with medical treatment for burns and cuts on his arms sustained before his arrest:

**Count 9:** First Amended claim for the improper opening and destruction/loss of Jones' legal mail, against Edwards, Spartegues, Jeff, and Roberts;

**Count 10:** Deliberate indifference claim against Haynes and Roberts for the failure to permit Jones to leave the cell for recreation;

**Count 11:** Deliberate indifference claim against unidentified jail staff for placing Jones in a cell with insufficient heat, bedding, or clothing; exposing him to black mold, rusty drinking water, and insects; and serving him spoiled milk and soggy food.

(17-349, Doc. 22, p. 2)

## Discussion

Normally at this point the Court would divide the allegations into claims and do an analysis pursuant to § 1915 to determine whether Plaintiff had adequately stated a claim for relief. However, it appears that much of this suit is duplicative of Case No. 13-349. The Court will first dismiss the duplicative claims before reviewing the remaining unique claims.

Federal courts may dismiss a suit "for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in . . . federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). The determination is discretionary, and district courts are given latitude to exercise that discretion, but generally, a suit will be considered duplicative if the claims, parties, and relief requested do not significantly vary between the actions. *McReynolds v. Merrill Lynch Co. Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012).

Plaintiff has named V. Hanes, Capt. Mount and Travis Scott as defendants in this suit; those individuals are also named in Case 17-349. He has also alleged in this suit that the area where his cellmate attempted suicide was not properly cleaned after the incident, exposing him

4

to bodily fluids and other harms.  This allegation is also present in Count 7 in suit 17-349. Plaintiff has further alleged here that he was not tested for communicable diseases after the suicide attempt, another allegation present in Count 6 of 17-349.  Plaintiff alleges here that he has been exposed to unconstitutional cell conditions; but the same claim is present in Count 11 of 17-349.  Plaintiff alleges that he has cuts and burns on his hands, exactly like in Count 8 of 17-349.  He has also alleged that his legal mail is being interfered with, as in Count 9 of 17-349. Finally, Plaintiff has requested "money" as his relief in both lawsuits.  Thus, the parties, claims, and request for relief are largely identical between the lawsuits.  The overlapping claims will be dismissed without prejudice.

There are 3 potential claims in this action that the Court did not discuss in its Order originally describing the 7 claims Plaintiff brought.  (17-349, Doc. 10).  Those claims include 1) a claim that staff is improperly issuing medication and causing allergic reactions; 2) a claim that Plaintiff has had bloody bowel movements; and 3) claims related to Plaintiff's dental care. However, since the Court entered that Order, Plaintiff has been attempting to amend his Complaint and some of the proposed amendments address those claims.  For example, in Plaintiff's Amended Complaint, he makes the same allegations about his dental needs.  (17-349, Doc. 16, p. 13, 15).  That Amended Complaint also includes a page that has been copied and used in this lawsuit. *Cf* 17-349, Doc. 16, p. 16 *with* Doc. 1, pp. 5-6.  Plaintiff has already put his dental claims at issue in Case No. 17-349, and thus the dental claims here are also duplicative and will be dismissed without prejudice

While it appears that this suit is largely copied from Plaintiff's earlier filed action, there are 2 claims that do not appear to be present or pending in that action:

> **Count 1:**  Deliberate indifference claim against unknown staff for dispensing medication negligently and causing allergic reactions;

> **Count2:** Deliberate indifference claim against unknown medical staff for refusing to treat Plaintiff's serious medical need of bloody bowel movements.

Both claims must be dismissed at this time. First of all, Plaintiff has only named 3 defendants. He has not associated any of the named defendants with the above claims.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

As Plaintiff has not specifically pleaded that Hanes, Mount, or Scott is involved in his deliberate indifference claims, they cannot be said to be "on notice" regarding what conduct Plaintiff complains of.

Secondly, **Count 1** fails because Plaintiff has not adequately alleged that he suffered any harm from unqualified staff passing out medication. He alleges that allergic reactions occurred, but he does not specifically allege that he suffered from an allergic reaction. Section 1983 is a tort statute, so plaintiff must have suffered a harm to have a cognizable claim. *Bridges v.*

*Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir. 1997). Plaintiff cannot recover for harms that happened to others; he must allege that he himself was harmed. Without such an allegation, the claim fails.

For the above reasons, Plaintiff has failed to allege a viable claim against any of the named defendants in this suit. According, the suit will be dismissed as duplicative and for failure to state a claim upon which relief can be granted. Plaintiff is granted leave to amend, but only as to the claims that are unique to this case. He cannot bring any claims that he currently has pending in 17-349; those claims shall be dismissed if he attempts to bring them here.

## **Pending Motions**

Plaintiff has also moved the Court to appoint him counsel. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e) (1). There is no constitutional or statutory right to counsel for a civil litigant. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The court finds that Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010); *Brock v. Beelman Co.,* 2010 WL 1692769, at * 2 (S.D.Ill. April 27, 2010). Plaintiff's Motion affirmatively states that he has made no efforts to seek representation on his own because of his incarceration. (Doc. 3, p. 1). This argument is unavailing; many prisoners have been able to write letters to prospective lawyers seeking representation and Plaintiff has offered no reason why he cannot seek counsel through the mail. Additionally, since filing this Motion, it appears that Plaintiff has been removed from jail, eliminating that impediment. The Court therefore finds that Plaintiff has not yet made a reasonable attempt to recruit counsel. As Plaintiff has failed to make his threshold showing, the Court will not recruit counsel for him at this time. Plaintiff's Motion is **DENIED**. (Doc. 3).

## Disposition

**IT IS HEREBY ORDERED** that any and all claims described as duplicative of the claims in Case No. 17-349 are **DISMISSED without prejudice**. **Counts 1 and 2** are **DISMISSED without prejudice** for failure to associate any named defendants with those claims and for failure to state a claim. Plaintiff's Motion for Attorney Representation is **DENIED**. (Doc. 3).

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his deliberate indifference claims (on or before **October 26, 2017**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended

Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: September 27, 2017**

                                              *s/J. Phil Gilbert*
                                              **U.S. District Judge**